SCANNED at WVCF and Emailed on
4-9-25 by SG  3 pages.
(date)  (initials)  (num)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**
**04/09/2025**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

DANIEL C. VANDERPOOL, JR., )
Plaintiff )
)
) No. 2:22-cv-00403-JPH-MKK
) and:
v. ) 2:23-cv-00054-JMS-MG
)
CAPITAL ACCOUNTS LLC, et al., )
Defendants. )

## MOTION FOR RELIEF OF JUDGEMENT AND PERMISSIVE JOINDER OF PARTIES

**COMES NOW**, Daniel C. Vanderpool, Plaintiff, *pro se* and hereby respectfully requests of this court to grant a Joiner of Claims in accordance to **Fed R. Civ. P. 20 (a) (B)** and Relief for Judgement or Order in accordance to **Fed R. Civ. P. 60 (b)**.

In support of the following the plaintiff says the following:

1) The plaintiff a prisoner filed a F.L.S.A. claim against the defendants in this case
2) The defendants filed a Motion to Dismiss for failure to state a claim
3) The court granted the motion and dismissed the plaintiff claim with prejudice for failure to state a claim (dkt. 70)
4) The defendants having a pending case with all likeness filed in the other case to have the other case dismissed under the same premise. Clark v. Carter LEXIS 35283, 2:23-cv-00054-JMS-MG
5) The court in that case stated that the case will proceed as a matter of law.

## IN SUPPORT

In Clark v. Carter LEXIS 35283, 2:23-cv-00054-JMS-MG the court stated:

"Judge Hanlon also relied on Smith v. Dart 803 F. 3d 304, 314 (7th Cir. 2015) which echoed Bennett and Sanders and concluded that "like prisoners and civil detainees, pretrial detainees

are not precluded by the FLSA because they are not employees of the prison." Like Bennett and Sanders though, Smith left Vanskike and its requirements of a fact-specific assessment of the worker's economic reality in place. Moreover, Smith worked "in the jail laundry", not for a private commercial enterprise like Capital Accounts 903 F. 3d at 307. Smith is no more of a basis for dismissing Mr. Clarks claim then Vanskike, Bennett, or Sanders"

This same argument was used to dismiss the plaintiffs case. Mr. Clark and Mr. Vanderpool for Capital Accounts during the same time and dismissed be the employer at the same time. There are no distinguishing facts that separate the claims.

Both Vanderpool and Cark where retaliated against and dissmissed by Capital Accounts after conversing with them about wages that need to be at or above minimum wages for the work that they performed for them.

The court further stated "it is fundamental that "a district court decision does not have a decisis effect, it is not a precedent." Midlock v. Apple Vacations West 406 f. 3d 453, 457 (7th Cir 2005). " the fact of such a decision is not a reason for following it." Id at 458. For those reasons set out above, the court respectfully disagrees with the defendant's interpretation of the Seventh Circuits FLSA interpretation and by extension Judge Hanlon's decision in Vanderpool applying that interpretation."

Being that the case never made it to summary judgment and the case never fully made it to review and that it was allowed to proceed in Clark's case, it would be to comport with the principles of fundamental fairness. Chavez v. Ill. State Police, 251 F.3d 612, 632 (7th Cir. 2001

Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. The Court takes well-pleaded factual allegations as true and draws reasonable inferences in favor of the plaintiff, Choice v. Kohn L. Firm, S.C., 77 F.4th 636, 638 (7th Cir. 2023); Reardon v. Danley, 74 F.4th 825, 826-27 (7th Cir. 2023), but it need not accept statements of law or conclusory factual allegations as true, Bilek v. Fed. Ins. Co., 8 F.4th 581, 586 (7th Cir. 2021). To survive dismissal, a claim must be "plausible, rather than merely speculative," which requires a plaintiff to allege "just enough details about the subject matter of the case to present a story that holds together." Russell v. Zimmer, Inc., 82 F.4th 564, 570-71 (7th Cir. 2023) (cleaned up).

Rule 20. Permissive Joinder of Parties
(a) Persons Who May Join or Be Joined.
(B) any question of law or fact common to all plaintiffs will arise in the action.

District courts **must accept** joint Complaints filed by multiple prisoners, but only if the criteria of permissive joinder under **Federal Rule of Civil Procedure** 20 are satisfied. Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004). Under Rule 20, "Persons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect

to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." A district court also has the discretion to sever a party at any time. *See* FED. R. CIV. P. 21. "This discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. Chavez v. Ill. State Police, 251 F.3d 612, 632 (7th Cir. 2001) (internal quotations{2024 U.S. Dist. LEXIS 5} and citations omitted).

Vanderpool and Clarks claims are identical in all respects from job titles and responsibilities down to the hire and leave date. As well, if this motion is to proceed Vanderpool intends to ask the court if joined, to appoint the same attorney as Mr. Clarks to allow to current reviewing court to allow the record to develop ripe for review.

**WHEREFORE**, the plaintiff in this case asks these two courts to grants the relief asked in this motion and join the cases.

Respectfully Submitted,

Daniel C. Vanderpool

Plaintiff, *pro se*